***********
The undersigned reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Reliance Insurance Company is the carrier on the risk and Sedgwick Claims Management Services is the Third Party Administrator.
4. Plaintiff's average weekly wage is sufficient to yield the maximum compensation rate for 1998, $532.00.
5. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on June 3, 1998.
6. William O. Bell, M.D., has assigned a ten (10%) percent permanent partial disability to plaintiffs back as result of his June 3, injury by accident.
7. Plaintiff sustained a cervical strain as result of his compensable injury by accident on June 3, 1998.
8. Plaintiff had a pre-existing twenty percent permanent partial disability to his back as result of a prior injury.
9. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
10. Industrial Commission Forms and filings relating to this case were stipulated into evidence as Stipulated Exhibit 2.
11. A video concerning plaintiff's investigation during the period of February 19, 2001 through April 9, 2001 was stipulated into evidence as Stipulated Exhibit 3.
12. A private investigation videotape for the period of May 1, 2001 through December 6, 2001 was stipulated into evidence as Stipulated Exhibit 4.
13. The prior investigation videotapes for the period of December 7, 2001 through February 23, 2002 was stipulated into evidence as Stipulated Exhibit 5.
14. The prior investigation videotapes for the period of March 26, 2002 through March 29, 2002 was stipulated into evidence as Stipulated Exhibit 6.
15. The investigative reports relating to private investigation of plaintiff for the above named videotapes were stipulated into evidence as Stipulated Exhibit 7.
16. The issues before the undersigned are: (i) whether plaintiff's claim for compensation is barred by his refusal to return to suitable employment by employer; (ii) whether plaintiff's claim for compensation is barred by his refusal to cooperate with vocational rehabilitation services; and (iii) if not, what compensation, if any is due plaintiff?
 *********** EVIDENTIARY RULINGS
The objections raised in the deposition of William O. Bell, M.D., are OVERRULED.
 ***********
Based upon the credible evidence of record and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. Plaintiff began working for defendant as a heavy maintenance mechanic in 1990.
2. In 1991, plaintiff sustained a work-related injury to his back. Plaintiff underwent a laminectomy and then a fusion due to a herniated disc at C5-6. Plaintiff received a 20% permanent partial disability rating to his back for the 1991 injury by accident.
3. Plaintiff returned to work full time with restrictions as a heavy maintenance mechanic in 1993.
4. On June 3, 1998, while at work for defendant, plaintiff was hit in the back of the neck by two or three cargo panel liners weighing eight to ten pounds each.
5. On April 12, 2001, Dr. William O. Bell, a neurological surgeon, released plaintiff to return to work with sedentary restrictions and no lifting over twenty pounds. Dr. Bell indicated that plaintiff was capable of performing whatever job duties were possible in a sitting position.
6. The defendants offered plaintiff the position of Mechanic Base Maintenance in Charlotte on April 20, 2001. The plaintiff agreed to accept the job pending clearance from Dr. Bell.
7. Initially, Dr. Bell determined that it was not in the plaintiff's best interest to accept the Mechanic Base Maintenance position requiring plaintiff to commute to Charlotte daily because of the alleged limited range of motion in plaintiff's neck. However, in August, 2001 after reviewing videotapes of the plaintiff subsequently engaging in motorcycle riding and lifting boxes, Dr. Bell rescinded that opinion. Dr. Bell opined that based on the fact that the plaintiff has no limitation or any real restriction in the range of motion of his neck, the plaintiff is capable of commuting to and from work in Charlotte on a daily basis.
8. Dr. Bell further opined in his deposition that the job description presented to plaintiff regarding the Mechanic Base Maintenance position could be performed by plaintiff if modified so that plaintiff could sit and he would not be required to lift or carry more than 20 pounds. The job description did indeed allow accommodations for light duty and sedentary activities.
9. Plaintiff last treated with Dr. Bell in June of 2001. The only medical treatment plaintiff currently receives is for prescription medication.
10. At the hearing before the Deputy Commissioner, plaintiff testified that he had not followed up on any job leads provided by his vocational rehabilitation counselor. Furthermore, when plaintiff voluntarily met with a State vocational rehabilitation counselor, he expressed an interest in jobs he was not qualified for or which exceeded his level of physical abilities. At the hearing before the Deputy Commissioner, plaintiff testified that he did not want to apply for other jobs because he did not want to jeopardize his union status or his seniority with the defendant and that he simply did not want to commute to Charlotte. The Full Commission finds that plaintiff failed to seek to further his chances of acquiring employment via vocational rehabilitation efforts.
11. The competent evidence in the record established and the Full Commission finds that the only reason plaintiff did not return to work in Charlotte in the Mechanic Base Maintenance position was simply because he wanted to stay and work in Winston-Salem and did not want to commute to Charlotte to work.
12. The competent evidence in the record further establishes a pattern of non-compliance by plaintiff. Suitable employment was available to plaintiff within his restrictions for which plaintiff refused. Plaintiff unjustifiably refused suitable employment offered to him by the defendant.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident to his neck arising out of and in the course and scope of his employment and as a direct result of a specific traumatic incident of the work assigned on June 3, 1998. N.C. Gen. Stat. § 97-2(6).
2. When an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission, such refusal was justified. N.C. Gen. Stat. § 97-32.
3. Plaintiff's failure to return and remain at work on April 20, 2001 was a refusal to accept employment offered by the defendant and was not justified. N.C. Gen. Stat. § 97-32.
4. Plaintiff's entitlement to indemnity benefits shall be suspended as of April 20, 2001 due to plaintiff's unjustified refusal of suitable employment. N.C. Gen. Stat. §§ 97-29; 97-32.
5. Plaintiff is entitled to have defendants pay all related medical expenses reasonably necessary to effect a cure, give relief or lessen the period of disability. N.C. Gen. Stat. § 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's indemnity benefits shall be suspended as of April 20, 2001.
2. Defendants shall continue to pay for all medical expenses resulting from plaintiff's compensable injury by accident.
3. Defendants shall pay the costs.
This the ___ day of March 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER